UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEWELL POINDEXTER, | : | CIVIL ACTION NO. 3:CV-16-0282 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| Warden DOMINICK DeROSE, et al., | : | |
| Defendants | : | |

# MEMORANDUM

## I. Background

Plaintiff, an inmate formerly confined in the Dauphin County Prison, Harrisburg, Pennsylvania,[1] filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983. The named Defendants are the following Dauphin County Prison employees: Warden DeRose and Deputy Warden Carroll. Id.

Plaintiff alleges that on December 9, 2015, he was informed by the block officer that he had an attorney visit, and was directed to go inside the visiting room to speak with his attorney on a recorded phone through a glass. (Doc. 1, complaint). Plaintiff claims that he has had several attorney visits while housed in Dauphin County Prison, and "usually the visit is held in the attorney-client conference room." Id. Plaintiff claims that he asked his attorney why the visit was

---

[1] Plaintiff is currently housed at the State Correctional Institution, Huntingdon, Pennsylvania.

taking place in the visiting room and his attorney stated "he was denied to come into th facility because he had his I-Pad with him." Id.

On December 12, 2015, Plaintiff filed a grievance to Defendant, Warden DeRose "in regards to his attorney visit and why he was denied access to come in the facility and that his attorney-client confidentiality relationship was being violated". (Doc. 1 at 6, Grievance).

On December 15, 2015, Plaintiff states that his attorney "was approved by the judiciary board that he was allowed back into the facility." (Doc. 1, complaint).

On December 22, 2015, Plaintiff was informed that he had an attorney visit. Id. Plaintiff states that "when [he] got up front he was directed to into the visiting room area to speak with his attorney on the recorded phone and behind the glass, the same as December 9, 2015." Id. Plaintiff states that he "was not under any type of investigation by authorities for his conversation to be monitored" and that neither he or his attorney consented "to having their conversations recorded." Id.

On February 22, 2016, Plaintiff filed the instant action, in which he seeks compensatory and punitive damages for violations of his Fourth, Sixth, Eighth and Fourteenth Amendment rights. Id.

Presently before the Court is Defendants' motion to dismiss the complaint.

(Doc. 14). Defendants argue, <u>inter</u> <u>alia</u>, that Plaintiff's complaint should be dismissed because Plaintiff failed to exhaust administrative remedies that were available to him at the Dauphin County Prison, and he is thus barred from bringing this action by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Doc. 16). The motion is fully briefed and is ripe for disposition. For the reasons set forth below, the Court will grant the motion to dismiss.

## II.  **Motion to Dismiss**

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Id</u>. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

3

acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. §1997e apply, as do the screening provisions of 28 U.S.C. §1915(e), given that he was granted in forma pauperis status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which

4

was not relied upon by a defendant in a motion to dismiss, the court may nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., Civil No. 06-115E, 2007 WL 1811198, at *4 (W.D. Pa. June 21, 2007), aff'd, 264 Fed App'x. 183 (3d Cir. 2008).

### III. Discussion

Defendants contend that Poindexter's complaint should be dismissed for his failure to exhaust available administrative. In pertinent part, the Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81 (2006). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA "completely precludes a futility exception to its

mandatory exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 92. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Dauphin County Prison. The Court takes judicial notice of Dauphin County Prison's grievance procedures, as this Court has done so before. Funk v. DeRose, 2012 WL 6966712, at *8 (M.D. Pa. Nov. 28, 2012) report and recommendation adopted, 2013 WL 393868 (Jan. 31, 2013). This Court has explained the grievance procedure as follows:

> The grievance appeal process that Dauphin County Prison inmates are required to follow, as set forth in the Inmate Handbook, involves four (4) steps: (1) the submission of a grievance for review and determination by the Warden; (2) an appeal of any decision to the Chairman of the Dauphin County Prison Board of Inspectors; (3) an appeal of the Chairman's decision to the full Dauphin County Prison Board of Inspectors; and (4) an appeal from the Prison Board's decision to the Dauphin County Solicitor.

6

Sawyers v. Brown, 2014 WL 407337, at *2 (M.D. Pa. Feb. 3, 2014) (granting summary judgment).

Plaintiff's own complaint reveals that, while Plaintiff started the grievance process concerning the issues raised in his complaint, he failed to finish the grievance process. In fact, in his brief in opposition, Plaintiff states that he "acknowledges the defendants' presentment of the facts" and that "unfortunately, he did 'jump the gun' as the [Defendants] have asserted." (Doc. 29, brief in opposition).

To the extent that Plaintiff submitted a grievance to the appropriate official and did not receive a response, the procedure contemplates several tiers of review and the grievance review system is not exhausted when an inmate files a grievance and then takes no other action through established channels when a grievance is not resolved to his satisfaction. Plaintiff's next step would have been to appeal the Warden's decision, or lack of one, to the Chairman of the Dauphin County Prison Board of Inspectors. The Plaintiff readily admits that he failed to do so. Id. Thus, by Plaintiff's own admission, it is clear that Plaintiff simply failed to properly exhaust administrative remedies. The failure to pursue the appropriate administrative process with respect to his claims precludes the litigation of such claims.

In <u>Spruill v. Gillis</u>, 372 F.3d 218, 230 (3d Cir. 2004), our Court of Appeals held that congressional policy objectives were best served by interpreting the statutory "exhaustion requirement to include a procedural default component." The court further ruled that procedural default under § 1997e(a) is governed by the applicable prison grievance system, provided that the "prison grievance system's procedural requirements [are] not imposed in a way that offends the Federal Constitution or the federal policy embodied in § 1997e(a)." <u>Id</u>. at 231, 232.

In this case, Plaintiff admits that he failed to appeal the responses, or lack thereof, to the final review. Thus, Poindexter has sustained a procedural default.

<u>Spruill</u> cited with approval the Seventh Circuit decision in <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1025 (7th Cir. 2002). <u>Spruill</u>, 372 F.3d at 231. In <u>Pozo</u>, the Seventh Circuit ruled that "to exhaust remedies, a prisoner must file complaints and appeals in the place, <u>and at the time</u>, the prison's administrative rules require." <u>Pozo</u>, 286 F.3d at 1025 (emphasis added). Plaintiff offers no evidence to justify his failure to appeal the lack of response by the Warden to his grievance. Thus, Poindexter is now foreclosed from litigating his claims in this Court.

In <u>Spruill</u>, the Third Circuit found that a procedural default component to the exhaustion requirement served the following congressional objectives: "(1) to

8

return control of the inmate grievance process to prison administrators; (2) to encourage development of administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." 372 F.3d at 230. In <u>Pusey v. Belanger</u>, No. Civ. 02-351, 2004 WL 2075472 at *2-3 (D. Del. Sept. 14, 2004), the court applied <u>Spruill</u> to dismiss an inmate's action for failure to timely pursue an administrative remedy over the inmate's objection that he did not believe the administrative remedy program operating in Delaware covered his grievance. In <u>Berry v. Kerik</u>, 366 F.3d 85, 86-88 (2d Cir. 2004), the court affirmed the dismissal of an inmate's action with prejudice where the inmate had failed to offer appropriate justification for the failure to timely pursue administrative grievances. In <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181, 1186 (10th Cir. 2004), the court embraced the holding in <u>Pozo</u>, stating that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted." These precedents support this Court's decision to grant the Defendants' motion dismiss.

## IV. Conclusion

Defendants' motion to dismiss the above captioned action for Plaintiff's failure to exhaustion administrative remedies will be granted. An appropriate

9

order will follow.


Dated: September 29, 2017                    /s/ William J. Nealon
                                             **United States District Judge**

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| DEWELL POINDEXTER, | : | CIVIL ACTION NO. 3:CV-16-0282 |
| --- | --- | --- |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| Warden DOMINICK DeROSE, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW, THIS 29th DAY OF SEPTEMBER, 2017**, for the reasons set forth in the Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss (Doc. 14) is **GRANTED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

/s/ William J. Nealon
**United States District Judge**